**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

**JOSEPH DURRANT, on behalf of himself and all similarly situated persons,**

    **Plaintiff,**

v.

**SHAUN'S TOWING AND RECOVERY, LLC and SHAUN HEALY, Individually**

    **Defendants.**

## ORIGINAL CLASS/COLLECTIVE ACTION COMPLAINT

Joseph Durrant brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Defendants Shaun's Towing and Recovery, LLC and Shaun Healy (hereinafter "Defendants" or "Shaun's"), and were paid hourly plus commission, but no overtime during the applicable limitations period, seeking all available relief, including compensation, liquidated damages, statutory penalties, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101, *et seq.* and the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the CWCA and the CMWA will be referred to collectively as the "Colorado Acts").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his Colorado Acts claims are asserted as a class action under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, and a class action pursuant to the Colorado Acts and FED. R. CIV. P. 23, to recover overtime wages.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Shaun's since December 6, 2014 and through the final disposition of this matter, and were paid hourly plus commission, but did not receive overtime for all hours worked over twelve (12) in a day and/or forty (40) in each workweek.

3. Plaintiff and the Putative Class Members routinely work (and worked) in excess of twelve (12) hours per day and/or forty (40) hours per workweek.

4. Plaintiff and the Putative Class Members were not paid overtime for all hours worked in excess of twelve (12) hours per day and/or forty (40) hours per workweek.

5. The decision by Shaun's not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6. Shaun's knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked in excess of twelve (12) hours per day and/or forty (40) hours per workweek.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Lederman v. Frontier Fire Protection, Inc.*, 685 F.3d 1151, 1156 (10th Cir. 2012).

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and the Plaintiff be designated Class Representative.

## II.
## THE PARTIES

11. Plaintiff Joseph Durrant ("Durrant") worked for Defendant Shaun's within the meaning of the FLSA and the Colorado Acts within the relevant time period. Plaintiff Durrant did not receive the overtime for all hours worked in excess of twelve (12) hour per day and/or forty (40) hours per workweek.[2]

12. The Putative Class Members are those similarly situated employees who worked for Defendant Shaun's and have been subjected to the same illegal pay system under which Plaintiff Durrant worked and was paid.

13. Shaun's Towing and Recovery, LLC ("Shaun's") is a Colorado limited liability company, and may be served through its registered agent for service of process: **Shaun Patrick Healy, 6718 N CO Road 11C, Loveland, CO 80358**.

14. Shaun Healy ("Healy") is the owner of Shaun's Towing and Recovery, LLC and an employer as defined by 29 U.S.C. § 203(d). Along with Defendant Shaun's Towing and Recovery, LLC, Defendant Healy employed or jointly employed Plaintiff and the Putative Class Members. Shaun Patrick Healy may be served with process at: **6718 N CO Road 11C, Loveland, CO 80358, or wherever he may be found.**

---

[2] The written consent of Joseph Durrant is attached hereto as Exhibit "A."

15. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Shaun's Towing and Recovery, LLC. Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and the Colorado Acts claims, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

16. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

17. This Court has supplemental jurisdiction over the additional Colorado Acts claims pursuant to 28 U.S.C. § 1367.

18. This Court has personal jurisdiction over Shaun's because the cause of action arose within this District as a result of Shaun's conduct within this District.

19. Venue is proper in the District of Colorado because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Specifically, Shaun's corporate headquarters are located in Aspen, Colorado, which is located in this District.

21. Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

22. Shaun's claims to have been Aspen's premier towing company since 2005 and currently serves Aspen, Snowmass Village, Woody Creek, Old Snowmass, Carbondale, Redstone and Glenwood Springs, Colorado.[3]

---

[3] http://shaunstowing.com/about.html.

23. Shaun's provides the following services: tire changes, jumpstarts, lockouts, recovery, local and long distance towing, high end vehicle towing, cars, trucks, motorcycles, boats, trailers, gas delivery, impound, off road recovery, 4x4 towing, 5th wheel and gooseneck towing, commercial truck and medium/heavy duty towing.

24. To provide their services, Shaun's employed numerous drivers—including the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the towing and recovery business.

25. Defendants are joint employers pursuant to 229 C.F.R. § 791.2.

26. Specifically, they dictate the practice goals and what pressing or tactical items need to be done in order to meet the goals of Shaun's and/or their clients.

27. Further, Defendants manage key internal relationships to Shaun's—that is, they direct the financials of Shaun's and they control the hourly rates of Plaintiff and the Putative Class Members who directly or indirectly report to these Defendants.

28. Moreover, these Defendants have the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

29. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and the Colorado Acts, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

30. Plaintiff Durrant worked for Shaun's as a Driver from approximately August 2015 until February 2016.

31. As Drivers, Plaintiff and the Putative Class Members' primary duties were to drive, maintain and operate the trucks used to tow and recover disabled vehicles throughout the State of Colorado.

32. Shaun's paid Plaintiff and the Putative Class Members by the hour plus a percentage commission for each tow made.

33. Specifically, Plaintiff Durrant was paid $13.00 per hour plus a 30% commission on each tow, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

34. Pursuant to 29 C.F.R. § 778.117, these commissions should have been included in Plaintiff and the Putative Class Members' regular rates of pay before any and all overtime multipliers were applied.

35. Plaintiff and the Putative Class Members worked long hours. Specifically, Plaintiff and the Putative Class Members often worked more than fifty (50) hours per week.

36. Shaun's denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

37. Shaun's applied this pay practice despite clear and controlling law that states that the manual labor/technical, routine duties which were performed by Plaintiff and the Putative Class Members consisted of **_non-exempt_** work.

38. The FLSA and the Colorado Acts mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

39. Accordingly, Shaun's pay policies and practices violated (and continue to violate) the FLSA and the Colorado Acts.

# V.
# CAUSES OF ACTION

## COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.  FLSA COVERAGE**

40. All previous paragraphs are incorporated as though fully set forth herein.

41. The FLSA Collective is defined as:

**ALL DRIVERS WHO WORKED FOR SHAUN'S TOWING AND RECOVERY, LLC AND/OR SHAUN HEALY, AT ANY TIME FROM DECEMBER 6, 2014 THROUGH THE FINAL DISPOSITION OF THIS CASE, BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

42. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

43. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

44. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

45. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Shaun's, these individuals provided services for Shaun's that involved interstate commerce for purposes of the FLSA.

46. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

47. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Shaun's and were engaged in vehicle towing and recovery services that were directly essential to the production of goods for Shaun's and related companies. 29 U.S.C. § 203(j).

48. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

49. In violating the FLSA, Shaun's acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

50. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 41.

51. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Shaun's.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

52. All previous paragraphs are incorporated as though fully set forth herein.

53. Shaun's violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

54. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Shaun's acts or omissions as described herein; though Shaun's is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

55. Moreover, Shaun's knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

56. Shaun's knew or should have known its pay practices were in violation of the FLSA.

57. Shaun's is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

58. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Shaun's to pay overtime in accordance with the law.

59. The decision and practice by Shaun's to not pay overtime was neither reasonable nor in good faith.

60. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. FLSA COLLECTIVE ACTION ALLEGATIONS

61. All previous paragraphs are incorporated as though fully set forth herein.

62. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

63. Other similarly situated employees have been victimized by Shaun's patterns, practices, and policies, which are in willful violation of the FLSA.

64. The FLSA Collective Members are defined in Paragraph 41.

65. Shaun's failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

66. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

67. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

68. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

69. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar tow truck drivers entitled to overtime after forty (40) hours in a week.

70. Shaun's employed a substantial number of similarly situated Drivers since December 6, 2014.

71. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Shaun's will retain the proceeds of its rampant violations.

72. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

73. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 41 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Colorado Acts)

**A.  COLORADO ACTS COVERAGE**

74.  All previous paragraphs are incorporated as though fully set forth herein.

75.  The Colorado Acts Class is defined as:

**ALL DRIVERS WHO WORKED FOR SHAUN'S TOWING AND RECOVERY, LLC AND/OR SHAUN HEALY IN COLORADO, AT ANY TIME DURING THE APPLICABLE STATUTE OF LIMITATIONS, BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER TWELVE IN ANY DAY AND/OR FORTY IN ANY WORKWEEK ("Colorado Acts Class" or "Colorado Acts Class Members").**

76.  At all times hereinafter mentioned, Defendants have been joint employers within the meaning of the Colorado Acts, C.R.S. § 8-4-101, *et seq.* and C.R.S. § 8-6-101, *et seq.*

77.  At all times hereinafter mentioned, Plaintiff and the Colorado Acts Class Members have been employees within the meaning of the Colorado Acts, C.R.S. § 8-4-101, *et seq.* and C.R.S. § 8-6-101, *et seq.*

78.  Plaintiff and the Colorado Acts Class Members were or have been employed by Shaun's and have been covered employees entitled to the protections of the Colorado Acts and were **<u>not exempt</u>** from the protections of the Colorado Acts.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE COLORADO ACTS**

79.  All previous paragraphs are incorporated as though fully set forth herein.

80.  The Colorado Acts require that employees receive "time and one-half" overtime premium compensation for hours worked over twelve (12) per day and/or forty (40) per week.

81.  Plaintiff Durrant and other Colorado Acts Class Members have not been exempt from receiving overtime benefits under the Colorado Acts.

82.  Plaintiff Durrant and other Colorado Acts Class Members worked more than twelve (12) hours in days and/or forty (40) hours in workweeks during times relevant to this complaint,

however, Shaun's violated the Colorado Acts by failing to pay Plaintiff and other class members overtime for hours worked over twelve (12) per day and/or forty (40) per week.

83.     Plaintiff Durrant and the Colorado Acts Class Members have suffered damages and continue to suffer damages as a result of Shaun's acts or omissions as described herein; though Shaun's is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.  Plaintiff hereby demands payment on behalf of himself and all Colorado Acts Class Members in an amount sufficient to provide compensation for all overtime hours worked.  This demand for payment is continuing and is made on behalf of any current Colorado Acts Class Members whose employment terminates at any time in the future.  Such payment can be made care of undersigned counsel at the listed address.

84.     As a result of the foregoing conduct, as alleged, Shaun's has failed to pay wages due under the FLSA and Colorado Acts thereby violating, and continuing to violate, the CWCA.

85.     In violating the Colorado Acts, Shaun's acted willfully, without a good faith basis and with reckless disregard of clearly applicable Colorado law.

86.     The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Colorado Acts, is defined in Paragraph 75.

87.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Shaun's.

**C.     COLORADO ACTS CLASS ALLEGATIONS**

88.     Plaintiff Durrant brings his Colorado Acts claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Shaun's to work in Colorado.

89.     Class action treatment of Plaintiff Durrant's Colorado Acts claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

90. The number of Colorado Acts Class Members is so numerous that joinder of all class members is impracticable.

91. Plaintiff Durrant is a member of the Colorado Acts Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

92. Plaintiff Durrant and his counsel will fairly and adequately represent the class members and their interests.

93. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

94. Accordingly, the Colorado Acts Class should be certified as in Paragraph 75.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Shaun's as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 41 and requiring Shaun's to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order certifying the Colorado Acts Class as defined in Paragraph 75, and designating Plaintiff Durrant as Representative of the Colorado Acts Class;

c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

  e. For an Order pursuant to Section 16(b) of the FLSA finding Shaun's liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

  f. For an Order pursuant to the Colorado Acts awarding Plaintiff Durrant and the Colorado Acts Class Members unpaid overtime, statutory penalties and other damages allowed by law;

  g. For an Order awarding the costs and expenses of this action;

  h. For an Order awarding attorneys' fees;

  i. For an Order awarding pre-judgment, post-judgment and moratory interest at the highest rates allowed by law;

  j. For an Order awarding Plaintiff Durrant a service award as permitted by law;

  k. For an Order compelling the accounting of the books and records of Shaun's, at Shaun's own expense;

  l. For an Order providing for injunctive relief prohibiting Shaun's from engaging in future violations, and requiring Shaun's to comply with such laws going forward; and

  m. For an Order granting such other relief as may be necessary and appropriate.

Date: December 6, 2017  Respectfully submitted,

**THE LAW OFFICES OF BRIAN D. GONZALES, PLLC**

By: /s/ *Brian D. Gonzales*
**Brian D. Gonzales**
BGonzales@ColoradoWageLaw.com
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562

**ANDERSON2X, PLLC**

**Clif Alexander**
clif@a2xlaw.com
**Lauren E. Braddy**
lauren@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279

**Attorneys in Charge for Plaintiff and the Putative Class Members**

## DOCUMENT PRESERVATION INSTRUCTIONS

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004). This duty "applies to information stored in an electronic medium or format…" *Id.* at Standard 29.

Various kinds of electronic data will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendants' decision to classify workers as exempt workers;

- Emails and other electronic and hard-copy documents pertaining to Defendants' reliance on Department of Labor authority when deciding to classify workers as exempt workers;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the Department of Labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendants' employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendants' employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendants' compliance with the Fair Labor Standards Act and/or relevant state laws; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees of Shaun's.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendants perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendants perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendants take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.